*Filed in Open Court this 16th day of January, 2008*

*dh*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 07-152-JJF |
| | ) |
| Alejandro LOPEZ-LOPEZ aka | ) |
| José LÓPEZ-MAGALLA, aka | ) |
| José LÓPEZ-MAYALLA, aka | ) |
| Defendant. | ) |

FILED
JAN 1 6 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney, and the defendant, Alejandro LOPEZ-LOPEZ, aka José López-Magalla, aka José López-Mayalla, by and through his attorney, Keir Bradford, Esquire, the following agreement is hereby entered into by the respective parties:

1.  The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with illegal re-entry after removal, in violation of 8 U.S.C. §1326(a).

2.  The maximum penalties for this offense are two years imprisonment, a fine of $250,000, or both, one year of supervised release, and a $100 special assessment.

3.  The defendant understands that if there were a trial on Count 1 of the Indictment, the Government would have to prove that: (1) the defendant is an alien; (2) on or about December 9, 1999, May 19, 2005, and/or October 10, 2005, the defendant was removed from the United States; (3) on or about October 16, 2007, the defendant was found in the United States; (4) the defendant

was knowingly present in the United States; and (5) neither the Attorney General nor the Undersecretary for Border and Transportation Security of the Department of Homeland Security had expressly consented to the defendant's re-application for admission.

4. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Sentencing Guideline Offense Level for the defendant's affirmative acceptance of responsibility. The United States makes this recommendation because the defendant timely has notified authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea.

Should he fail to do so and should he receive a sentence of incarceration, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever,

unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____ BY: _____
Keir Bradford                        Shannon T. Hanson
Attorney for Defendant               Assistant United States Attorney

_____
Alejandro Lopez-Lopez
Defendant

Dated: 01\16\08

**AND NOW**, this ___16___ day of ___January___, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan, Jr.
United States District Judge